COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Bumgardner

LAWRENCE FAUNTLEROY

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1523-08-1                         PER CURIAM
                                                    DECEMBER 9, 2008
NEWPORT NEWS DEPARTMENT
  OF HUMAN SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            Aundria D. Foster, Judge

              (Mark L. Williams, on brief), for appellant.

              (Robert E. Pealo, Assistant City Attorney; Saiba Kamal, Guardian *ad
              litem* for the infant child, on brief), for appellee.


       Lawrence Fauntleroy appeals the termination of his parental rights to his child pursuant to

Code § 16.1-283(E).  Fauntleroy argues it was not in his child's best interests to terminate his rights

because a parenting capacity evaluation noted that he had parenting strengths and that he displayed

an active interest in the child.  Fauntleroy concedes he failed to present this argument to the trial

court and invokes the ends of justice exception to Rule 5A:18.  Upon reviewing the record and

briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily affirm

the decision of the circuit court.  See Rule 5A:27.

       On March 4, 2008, the juvenile and domestic relations district court (JDR court) terminated

Fauntleroy's parental rights to his child.  Fauntleroy appealed to the circuit court, but he failed to

appear for the scheduled hearing on June 2, 2008.  The circuit court dismissed Fauntleroy's appeal

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for the failure to prosecute and remanded the case to the JDR court for imposition of its order involuntarily terminating Fauntleroy's parental rights.

Code § 16.1-106.1(D) provides in part:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.

Fauntleroy failed to appear for the hearing in circuit court. Accordingly, the circuit court did not err in dismissing Fauntleroy's appeal and remanding the case to the JDR court for Fauntleroy's failure to prosecute his appeal. Therefore, we summarily affirm the decision of the circuit court. See Rule 5A:27.

Affirmed.